**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2303
_____

EVAN BROWN,
                              Appellant

v.

VITO PERUGINO, Police Officer for the Pennsylvania Capitol Police;
MICHAEL SCHMIDT, Police Officer for the Pennsylvania Capitol Police
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1:22-cv-01400)
Magistrate Judge:  Honorable Karoline Mehalchick
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 13, 2024
_____

Before: KRAUSE, MATEY, and CHUNG, <u>Circuit Judges</u>

(Opinion filed August 26, 2024)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Appellant Evan Brown, proceeding pro se, appeals the District Court's order granting summary judgment to defendants. For the following reasons, we will affirm.

In 2018, Pennsylvania Capitol Police officer Vito Perugino approached Brown as he crouched on a sidewalk. Following an investigatory stop during which Brown was stunned with a taser, Perugino arrested Brown. Brown was charged with resisting arrest and public drunkenness. Those charges were later dismissed. In 2019, a Dauphin County Assistant District Attorney ("ADA") reviewed the matter, approved refiling the two charges, and added a third charge for which Brown had a warrant. In 2021, the Dauphin County Court of Common Pleas granted Brown's motion to suppress the evidence from the stop and dismissed the charges.

Brown filed a complaint against Perugino and another officer pursuant to 42 U.S.C § 1983, alleging that the officers maliciously prosecuted him by refiling the charges, in violation of the Fourth Amendment and Pennsylvania law. He sought compensatory and punitive damages. The defendants filed a motion for summary judgment, which the District Court granted.[1] Brown filed a timely notice of appeal.

We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the District Court's grant of summary judgment.[2] Blunt v. Lower Merion Sch. Dist., 767

---

[1] The parties consented to the jurisdiction of a United States Magistrate Judge under 28 U.S.C. § 636(c)(1).

[2] Our review is limited to only the arguments presented in Brown's opening brief, and we deem forfeited any other potential challenges to the District Court's order, like those related to defendant Michael Schmidt. See M.S. by & through Hall v. Susquehanna Twp. Sch. Dist., 969 F.3d 120, 124 n.2 (3d Cir. 2020) (holding that the appellant forfeited claims by failing to raise them in the opening brief).

F.3d 247, 265 (3d Cir. 2014). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). We may affirm on any basis supported by the record. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

We agree with the District Court's decision to grant summary judgment to Perugino on Brown's Fourth Amendment malicious prosecution claim. A police officer can be held liable for malicious prosecution if he "conceal[ed] and misrepresent[ed] material facts to the district attorney," thus influencing or participating in the decision to institute legal proceedings. Halsey v. Pfeiffer, 750 F.3d 273, 297 (3d Cir. 2014). Here, Brown offered no support for his assertion that Perugino refiled the charges "out of spite . . . to harass" him. Dkt. No. 1 at 4. Although Brown pointed to the fact that Perugino's affidavit of probable cause supporting the refiled charges included two phrases not included in the affidavit supporting the initial charges, Perugino filed that affidavit *after* the ADA reviewed the matter and authorized the refiling. It thus does not follow that Perugino's slightly altered affidavit influenced the decision to refile the charges. Even so, beyond Brown's speculation that Perugino added false information to pressure the ADA, there is no indication that those additional phrases either misrepresented the events of the stop or were material to the refiled charges. Summary judgment for Perugino was thus proper.[3] See Halsey, 750 F.3d at 287 ("[A]n inference based upon a speculation or

---

[3] The District Court also correctly concluded that sovereign immunity barred Brown's intentional tort claim against Perugino, a Commonwealth employee who was acting

3

conjecture does not create a material factual dispute sufficient to defeat summary

judgment." (internal quotations and citation omitted)).

Accordingly, we will affirm the judgment of the District Court.

---

within the scope of his duties when he filed the affidavit. <u>See</u> 1 Pa. Cons. Stat. § 2310; 42 Pa. Cons. Stat. Ann. §§ 8521-22; <u>Wilson v. Marrow</u>, 917 A.2d 357, 364-65 (Pa. Commw. Ct. 2007).